UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| TIMOTHY MAPP, | Case No.: 19-CV-927-CAB-JLB |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS** |
| SAN DIEGO COUNTY | |
| Defendant. | [Doc. No. 2] |

Plaintiff, a nonprisoner proceeding pro se, filed a complaint against San Diego County that is effectively an appeal of state or county-level administrative decisions concerning the amount of child support withheld from his unemployment and disability insurance payments.. Plaintiff also filed an application for leave to proceed *in forma pauperis* ("IFP"). Generally, all parties instituting a civil action in this court must pay a filing fee. See 28 U.S.C. § 1914(a); CivLR 4.5(a). However, the court may authorize a party to proceed without paying the fee if that party submits an affidavit demonstrating an inability to pay. 28 U.S.C. § 1915(a). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). "[A]

plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Id.* (internal quotation marks and citation omitted).

Here, Plaintiff's papers assert that he is currently receiving disability payments of $2,944.00 per month and will continue to receive such payments until he is cleared to return to work following heart surgery. He also owns a car valued at $800.00. Meanwhile, his total monthly expenses are only $1,542.00. Accordingly, the payment of the filing fee in this case would not prevent Plaintiff from being "able to provide himself and dependents with the necessities of life." *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotation marks omitted). Plaintiff's Motion to Proceed IFP is therefore **DENIED**.

Plaintiff shall have until **June 10, 2019** to pay the requisite filing fee to maintain this action.[1] If the filing fee is not paid by this date, the Clerk of Court shall close this case without further order from the Court.

It is **SO ORDERED**.

Dated: May 20, 2019

Hon. Cathy Ann Bencivengo
United States District Judge

---

[1] Plaintiff should be aware that even if he does pay the filing fee, his case may be subject to dismissal for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine, under which "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. DeGrandy*, 512 U.S. 997, 1005–06 (1994) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923)); *see also Rucker v. County of Santa Clara, State of California*, No. C02-5981 JSW, 2003 WL 21440151 (N.D. Cal. Jun. 17, 2003) (dismissing complaint seeking review of garnishment of disability benefit payments for child support based on *Rooker-Feldman* doctrine). Alternatively, to the extent Plaintiff has not exhausted his claims concerning the propriety of the garnishment in California state court, this court lacks subject matter jurisdiction because the complaint does not state a federal question, and the parties are not diverse.