UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY MAPP,<br><br>                      Plaintiff,<br><br>v.<br><br>SAN DIEGO COUNTY,<br><br>                      Defendant. | Case No.: 19-CV-927-CAB-JLB<br><br>**ORDER ON MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>[Doc. No. 14] |

This matter comes before the Court on Defendant's Motion for Judgment on the Pleadings. [Doc. No. 14.] Although Plaintiff has not opposed the motion, the Court deems it suitable for determination on the papers submitted and without oral argument. *See* S.D. Cal. CivLR 7.1(d)(1). For the reasons set forth below, Defendant's unopposed motion for judgment on the pleadings is granted.

**I.    BACKGROUND**

On May 17, 2019, Plaintiff Timothy Mapp, a non-prisoner proceeding *pro se*, filed a complaint against Defendant San Diego County ("the County"). [Doc. No. 1.] The

1

complaint appears to allege a single violation of 42 U.S.C. § 1983. [*Id*. at 6.[1]] According to the complaint, the "child support agency in San Diego county has instructed employment development department of California to withhold 25%" of Plaintiff's unemployment and disability insurance payments since March 6, 2019. [*Id*.] Plaintiff alleges his "court ordered payment amount" for child support is $25.00, however, the employment development department, the child support agency, and the County, all have a policy to "disregard the orders of the court and the laws of the state." [*Id*.] Therefore, Plaintiff alleges the County is "taking $711.00 a month over what the court has ordered and refuses to obey the orders of the court."

On July 23, 2019, the County moved for judgment on the pleadings as to Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(c). [Doc. No. 14.]

## II. REQUEST FOR JUDICIAL NOTICE

Federal Rule of Evidence 201 provides that "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it . . . is generally known within the trial court's territorial jurisdiction; or . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b). "[U]nder Fed. R. Evid. 201, a court may take judicial notice of 'matters of public record.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (quoting *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)). Courts may take judicial notice of "proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (citation and internal quotations omitted).

The County requests the Court take judicial notice of exhibits related to Plaintiff's pending state court action, several complaints filed by Plaintiff in both state and federal court, and two unpublished opinions from the California Court of Appeals related to

---

[1] Document numbers and page references are to those assigned by CM/ECF for the docket entry.

Plaintiff's prior appeals of his child support obligations. [Doc. No. 14-2.] Plaintiff has not opposed the County's requests. Accordingly, the Court takes judicial notice of the County's exhibits.

### III. LEGAL STANDARDS

#### A. Motion for Judgment on the Pleadings

Under Federal Rule of Civil Procedure 12(c), any party may move for judgment on the pleadings at any time after the pleadings are closed but within such time as not to delay the trial. FED. R. CIV. P. 12(c). A motion for judgment on the pleadings must be evaluated under the same standard applicable to motions to dismiss brought under Rule 12(b)(6). *See Enron Oil Trading & Trans. Co. v. Walbrook Ins. Co., Ltd.*, 132 F.3d 526, 529 (9th Cir. 1997). Thus, the standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) applies to a motion for judgment on the pleadings. *Lowden v. T–Mobile USA, Inc.*, 378 Fed. Appx. 693, 694 (9th Cir. 2010) ("To survive a Federal Rule of Civil Procedure 12(c) motion, a plaintiff must allege 'enough facts to state a claim to relief that is plausible on its face'" (quoting *Twombly,* 550 U.S. at 544)). When deciding a motion for judgment on the pleadings, the Court assumes the allegations in the complaint are true and construes them in the light most favorable to the plaintiff. *Pillsbury, Madison & Sutro v. Lerner*, 31 F.3d 924, 928 (9th Cir. 1994). A judgment on the pleadings is appropriate when, even if all the allegations in the complaint are true, the moving party is entitled to judgment as a matter of law. *Milne ex rel. Coyne v. Stephen Slesinger, Inc.*, 430 F.3d 1036, 1042 (9th Cir. 2005).

#### B. Rule 12(b)(1)

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). As such, "[a] federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citation omitted). Without subject matter jurisdiction, a federal court is without "power" to hear or adjudicate a claim. *See Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 975 (9th Cir. 2012)

(citing *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998)); *Kokkonen*, 511 U.S. at 377. Pursuant to Rule 12(b)(1), a party may seek dismissal of an action for lack of subject matter jurisdiction "either on the face of the pleadings or by presenting extrinsic evidence." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003); *see also White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

## IV. DISCUSSION

The County contends Plaintiff's complaint should be dismissed for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine and/or *Younger* abstention principles. [Doc. No. 14 at 11–15.] Additionally, the County contends that even if the Court reaches the merits of Plaintiff's complaint, it should be dismissed for failure to state a claim upon which relief can be granted. [*Id.* at 16–22.]

### A. *Rooker-Feldman* Doctrine

Under the *Rooker–Feldman* doctrine, "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. DeGrandy*, 512 U.S. 997, 1005–06 (1994) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923)). Review of state court decisions may only be conducted in the United States Supreme Court. *Feldman*, 460 U.S. at 476 & 486; *Rooker*, 263 U.S. at 416; *see also* 28 U.S.C. § 1257. The *Rooker-Feldman* jurisdictional bar applies even if the complaint raises federal constitutional issues. *Feldman*, 460 U.S. at 486. More specifically, the bar applies if the challenge to the state court decision is brought as a § 1983 civil rights action. *See Branson v. Nott*, 62F.3d 287, 291 (9th Cir. 1995).

"[A] federal district court dealing with a suit that is, in part, a forbidden de facto appeal from a judicial decision of a state court must refuse to hear the forbidden appeal. As part of that refusal, it must also refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision." *Doe v. Mann*, 415 F.3d 1038, 1043 (9th Cir. 2005) (quoting *Noel v. Hall*, 415 F.3d 1145,

1158 (9th Cir. 2003)). The *Rooker–Feldman* doctrine applies not only to final state court orders and judgments, but to interlocutory orders and non-final judgments issued by a state court as well. *Doe & Assoc. Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001).

Notwithstanding the foregoing, "for *Rooker-Feldman* to apply, a plaintiff must seek not only to set aside a state court judgment; he or she must also allege a legal error by the state court as the basis for that relief." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004). "If, on the other hand, a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party, *Rooker–Feldman* does not bar jurisdiction." *Noel*, 341 F.3d at 1164.

Here, Plaintiff is not arguing that any state court order was legally erroneous. Rather, Plaintiff contends that the County's actions with respect to the amount of money being withheld from his disability and unemployment benefits for his child support obligations are the legal wrongs that violated his constitutional rights. According to the complaint, Plaintiff is not seeking to set aside any state court judgment or alleging a legal error by the state court itself as his basis for relief. Therefore, Plaintiff is not making a forbidden de facto appeal.

The County's argument that Plaintiff could have appealed the family court's arrears decision in the pending state court action mischaracterizes Plaintiff's allegations in this case. It does not appear that Plaintiff is appealing the arrears decision or any other state court order in his complaint. As the Ninth Circuit explained in *Noel*, "Only when there is already a forbidden de facto appeal in federal court does the 'inextricably intertwined' test come into play." 341 F.3d at 1164. Accordingly, because Plaintiff has asserted an "allegedly illegal act or omission by an adverse party, *Rooker-Feldman* does not bar jurisdiction" in this case. *Noel*, 341 F.3d at 1164.

**B.** *Younger* **Abstention**

Although Plaintiff's claim is not barred under the *Rooker-Feldman* doctrine, the Court concludes that it must abstain from hearing this case under the *Younger* abstention

5

principles. *See Younger v. Harris*, 401 U.S. 37 (1971).

"The Supreme Court in *Younger* 'espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings.'" *H.C. ex rel. Gordon v. Koppel,* 203 F.3d 610, 613 (9th Cir. 2000) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982)). "Absent extraordinary circumstances, *Younger* abstention is required if the state proceedings are (1) ongoing, (2) implicate important state interests, and (3) provide the plaintiff with an adequate opportunity to litigate federal claims." *Id.* (citing *San Remo Hotel v. City of S.F.*, 145 F.3d 1095, 1103 (9th Cir. 1998)). Younger abstention applies not only where a federal action would interfere with a state criminal proceeding, but also "to federal cases that would interfere with state civil cases and state administrative proceedings." *San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1091-92 (9th Cir. 2008) (citing *Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.*, 477 U.S. 619, 627 (1986)).

First, both Plaintiff and the County have indicated that state court proceedings have been continuously ongoing with respect to Plaintiff's child support judgment. [Doc. No. 1-2 at 6; Doc. No. 14-2 at 8–12.] Therefore, because Plaintiff's claim at its core arises out of the County's efforts to enforce Plaintiff's child support obligations in an ongoing state court proceeding, the first prong is satisfied.

The second prong that important state interests are implicated is satisfied because "[f]amily relations are a traditional area of state concern." *Koppel*, 203 F.3d at 613 (quoting *Moore v. Sims*, 442 U.S. 415, 435 (1979)). "This is a particularly appropriate admonition in the field of domestic relations, over which federal courts have no general jurisdiction, and in which the state courts have a special expertise and experience." *Id*. (internal citation omitted). Furthermore, "a state has a vital interest in protecting the 'authority of the judicial system, so that its orders and judgments are not rendered nugatory.'" *Id*. (quoting *Juidice v. Vail*, 430 U.S. 327, 336 n.12 (1977)).

Lastly, the third prong is satisfied because state court provides Plaintiff with an adequate forum to litigate his constitutional claim. In fact, the record reflects that Plaintiff

has previously filed several claims related to his child support obligations in state court. [Doc. No. 14-2 at 38–53, 62–70.] Therefore, Plaintiff has an adequate opportunity to litigate his federal claims. *See Tafflin v. Levitt*, 493 U.S. 455, 458 (1990) ("[W]e have consistently held that state courts have inherent authority, and are thus presumptively competent, to adjudicate claims arising under the laws of the United States.")

The Court determines that *Younger* abstention is appropriate in this due process challenge under section 1983 in light of the ongoing state child support proceedings. In cases where damages are sought and *Younger* applies, the Ninth Circuit Court of Appeals has stated that a stay, rather than dismissal is generally warranted. *See Gilbertson v. Albright*, 381 F.3d 965, 975 (9th Cir. 2004). However, in *Gilbertson*, the Court of Appeals stated, "We do not foreclose the possibility of a unique case where damages are sought and *Younger* principles apply but dismissal is indicated for some other reason. A damages claim that is plainly frivolous, for example, might not save an action." *Id*. at 982 n.18. Here, it is not clear what relief Plaintiff is seeking in his complaint. Even if Plaintiff is seeking damages, the Court finds that this case presents a situation where dismissal is proper. However, in an effort to afford Plaintiff the opportunity to litigate in state court if he so chooses, the Court abstains from reaching the merits of Plaintiff's claim and dismisses the complaint without leave to amend.

## V. CONCLUSION

For the reasons set forth above, the Court **GRANTS** the County's unopposed motion for judgment on the pleadings and **DISMISSES** Plaintiff's complaint without leave to amend.[2] The Clerk of Court shall close this case and enter judgment accordingly.

It is **SO ORDERED**.

Dated: August 20, 2019

Hon. Cathy Ann Bencivengo
United States District Judge

---

[2] "Dismissals for lack of jurisdiction 'should be . . . without prejudice so that a plaintiff may reassert his claims in a competent court.'" *Freeman v. Oakland Unified Sch. Dist.*, 179 F.3d 846, 847 (9th Cir. 1999) (quoting *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988)).